IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| iROBOT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>URUS INDUSTRIAL CORPORATION,<br>and KOOLATRON, a DIVISION of<br>URUS INDUSTRIAL CORPORATION,<br><br>Defendants. | Civil Action No. 05CV10914 RGS |

## FINAL CONSENT JUDGMENT

WHEREAS, on May 3, 2005, plaintiff iRobot Corporation ("iRobot") filed a Complaint against Urus Industrial Corporation ("Urus") now known as Koolatron Corporation, and Koolatron, a division of Urus (collectively, "Defendants") in the United States District Court for District of Massachusetts, Civil Action No. 05 CV 10914, seeking damages for copyright infringement, trade dress infringement and infringement of U.S. Patent No. 6,594,844, U.S. Patent No. 6,809,490, and U.S. Patent No. 6,883,201 (collectively, the "patents-in-suit") and an injunction restraining further infringement of said patents;

WHEREAS, the parties have resolved their dispute amicably; and

WHEREAS, Defendants further consent to the entry of the following judgment;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter and the parties, and venue is proper in this Judicial District.

2. U.S. Patent No. 6,594,844 ("the '844 patent"), entitled "Robot Obstacle Detection System," was duly and legally issued to Joseph L. Jones. The entire right, title and interest in and to the '844 patent, including the right to sue and recover for any and all past infringement thereof, is assigned to iRobot. A copy of the '844 patent is attached as Exhibit 1.

3. The '844 patent is valid and enforceable.

4. U.S. Patent No. 6,809,490 ("the '490 patent"), entitled "Method and System for Multi-mode Coverage for an Autonomous Robot," was duly and legally issued to Joseph L. Jones and Phillip R. Mass. The entire right, title and interest in and to the '490 patent, including the right to sue and recover for any and all past infringement thereof, is assigned to iRobot. A copy of the '490 patent is attached as Exhibit 2.

5. The '490 patent is valid and enforceable.

6. U.S. Patent No. 6,883,201 ("the '201 patent"), entitled "Autonomous Floor-Cleaning Robot," was duly and legally issued to Joseph L. Jones, Newton E. Mack, David M. Nugent and Paul E. Sandin. The entire right, title and interest in and to the '201 patent, including the right to sue and recover for any and all past infringement thereof, is assigned to iRobot. A copy of the '201 patent is attached as Exhibit 3.

7. The '201 patent is valid and enforceable.

8. Defendants have each, inadvertently, infringed the patents-in-suit by using, offering to sell and selling within the United States and importing into the United States the Koolvac robotic vacuum cleaner product.

9. Plaintiff hereby releases Defendants as defined below in Paragraph 11, from any liability for infringement of the patents-in-suit with respect to the sale of

their existing remaining inventory of the Koolvac robotic vacuum cleaner product (and only this existing remaining inventory), provided that Defendants sell this existing remaining inventory in the United States before September 30, 2005, or thirty (30) days from the entry of this Consent Judgment, whichever is later (the "Inventory Sale Date"). If there is still remaining unsold inventory as of the Inventory Sale Date, then Defendants shall (a) by October 1, 2005, so advise iRobot's counsel by telephone, and (b) by October 15, 2005, export any such remaining unsold inventory out of the United States.

10. Plaintiff hereby releases Defendants, as defined below in Paragraph 11, from liability for monetary damages for past infringement of the patents-in-suit, the copyrights-in-suit and the trade dress rights-in-suit, with respect to sales in the United States of the Koolvac robotic vacuum cleaner product. Nothing in this section, or in any section of this consent judgment shall be interpreted as granting Defendants, or any party, a license or any rights under, the intellectual property rights of Plaintiff.

11. Except as subsequently licensed or otherwise agreed to by iRobot, Defendants are each permanently enjoined and restrained from infringing, contributorily infringing or inducing the infringement of the patents-in-suit and are permanently enjoined from selling the Koolvac robotic vacuum cleaner product in the United States. As used in this paragraph and the remainder of this Consent Judgment, Defendants refers to Urus Industrial Corporation, now known as Koolatron Corporation, and Koolatron, a division of Urus Industrial Corporation and any predecessors, successors, assigns and heirs of the above.

12. Except as permitted in paragraph 9 in connection with the sale of Defendants' remaining existing inventory, Defendants are each permanently enjoined from copying of and creation of derivative works based on the Roomba® robotic

floorvac; and using iRobot's trade dress as manifest in iRobot's Roomba® robotic floorvac. The parties agree that the issues of patent validity, infringement and enforceability in the United States of America resolved in this Consent Judgment are adjudicated with finality among the parties. "Party," as used in this paragraph and this Consent Judgment, refers to each party to this action, including Defendants as defined above in Paragraph 11.

13.     This Consent Judgment shall be binding upon the parties including iRobot and Defendants as defined above in Paragraph 11, and their successors, assigns and heirs.

14.     This action is dismissed with prejudice, with each party bearing its own costs and attorneys' fees.

15. The Court shall retain continuing jurisdiction over this action for the purpose of enforcing the terms of this Consent Judgment.

Dated: July 29, 2005

By: _____

Edward J. Kelly (BBO # 564529)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Attorneys for Plaintiff iRobot Corporation

Dated: Boston, Massachusetts

_8-8-_, 2005

Dated: July 27, 2005

By: _____

Attorneys for Defendants Urus Industrial Corporation, now Koolatron Corporation, and Koolatron, a division of Urus Industrial Corporation

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

5